HEZEKIAH CUNNINGHAM, appellant, v. WILLIAM FITHIAN et al., appellees.

*Appeal from Vermillion.*

It is a well settled rule in Equity, that where a party seeks to rescind a contract for fraud, he must ask the aid of the Court in a reasonable time, and be in a situation to restore to the opposite party whatever he may have received from him. He has no right to lie by for a long time, for the purpose of first ascertaining whether he may not be able to realize a profit out of the contract, nor till the property, by a fall in prices, has greatly depreciated in value, nor until the title to the property, by neglect, has become either doubtful or impaired.

BILL IN CHANCERY for relief, and injunction, &c. filed by the appellant against the appellees in the Vermillion Circuit Court, and heard before the Hon. William Wilson, at the October term 1843. The injunction was dissolved, and the bill dismissed.

This case is based upon the same state of facts as the case of *McDonald* v. *Fithian*, 1 Gilman, 269, wherein the allegations of the bill and the testimony are very fully set forth. The positions assumed by the counsel were similar in both cases, and need not be here repeated.

*J. J. Brown,* and *J. B. Thomas,* for the appellant.

*S. T. Logan, A. Lincoln,* and *E. D. Baker,* were counsel for the appellees in both cases. Their names were accidentally omitted in the report of the case of *McDonald* v. *Fithian.*

The Opinion of the Court was delivered by

LOCKWOOD, J. The facts of the case are similar to those in the case of *McDonald* v. *Fithian,* decided at the last term of this Court. The questions arising in that case have been very ably re-argued at this term, and this Court has been called on to review the former decision and pronounce in this case a different judgment. We have accordingly given the important questions involved in the controversy between these parties, a careful re-examination, but have been unable to discover any good reasons why the decision in the former case should not be adhered to.

Cunningham *v.* Fithian *et al.*

It is a well settled rule in equity, that where a party seeks to rescind a contract for fraud, he must ask the aid of the Court in a reasonable time, and be in a situation to restore to the opposite party whatever he may have received from him. He has no right to lie by for a long time, for the purpose of first ascertaining whether he may not be able to realize a profit out of the contract, nor till the property, by a fall in prices, has greatly depreciated in value, nor until the title to the property, by neglect, has become either doubtful or impaired.

In this case, the contract between Fithian and Cunningham, for the sale of land in Milwaukie, was entered into on the 4th day of April, 1836.

Most of the circumstances relied on by complainant, to show the fraudulent conduct of Fithian were known to him shortly after they occurred; yet this bill to rescind the sale, was not filed until the 12th day of June, 1841, a period of upwards of five years after the discovery of the imputed fraud. In the mean time, the property had immensely depreciated in value. The testimony also shows that the complainant had suffered the land to be sold for taxes, for the years 1838, 1839, and 1840. These facts clearly indicate that complainant has not been diligent to obtain redress for the alleged fraud, and has probably, by his negligence, either lost the title to the land by the tax sales, or at least suffered the title to become doubtful. The delay in commencing this suit, together with the probable uncertainty resting on the title to the land, are strong additional reasons why this Court should not interfere to set aside the contract made by the parties. After Cunningham received the title to the land, it was his duty to pay the taxes assessed on it, and also prevent any incumbrances from resting on it. This duty he neglected, and consequently he is not in a situation to restore Fithian to his original condition.

For these and the reasons given in the former case, we are of opinion that the decree below must be affirmed with costs.

Justices TREAT and KOERNER dissented from the Opinion of the Court.

*Decree affirmed.*